Lizzie Leonard, Appellee, v. Independence Life and Accident Insurance Company, Appellant.

Gen. No. 46,520.

First District, First Division.
January 31, 1955.
Released for publication February 23, 1955.

Johnston, Thompson, Raymond & Mayer, of Chicago, for appellant; Wesley G. Hall, and Prentice H. Marshall, both of Chicago, of counsel.

Ebert, Di Prima & Morrissey, of Chicago, for appellee; John F. Morrissey, and Carl H. Ebert, both of Chicago, of counsel.

MR. JUSTICE FRIEND delivered the opinion of the court.

Lizzie Leonard, as beneficiary under a comprehensive personal accident insurance policy, brought suit against defendant to recover benefits which had allegedly accrued to her under the policy as a result of the death of James D. Richardson, the insured. Judgment for plaintiff in the amount of $500.00, together with interest and attorney's fees, was entered by the trial judge upon agreed facts and supplemental stipulation of fact. Defendant appeals.

The policy issued to Richardson is designated as "Chicago Herald American Accumulating Comprehensive Personal Accident Policy." Following the title appears the subcaption "This Policy Provides Indemnity for Loss of Life, Limb, Sight or Time by Accidental Bodily Injury to the Extent Herein Provided." The material part of the formal insuring clause reads as follows: "In Consideration of the payment of the premium, the Company does hereby insure the individual (hereinafter called the Insured) . . . subject to the provisions and limitations herein contained against death, dismemberment, loss of sight, or disability resulting directly, independently and exclusively of all other causes from accidental bodily injury (hereinafter called such injury) sustained in the manner hereinafter described, . . ." Section 8 of the policy, entitled "EXCLUSIONS," provides that "this insurance does not cover injury, fatal or nonfatal; . . . (C) resulting from the intentional act of the Insured or of any other person except assaults by burglars or robbers; . . ."

The parties stipulated that the insured's death occurred under the following circumstances. "On March 8, 1953, Charles Scates, while on furlough from the United States Marine Corps, returned to his home at 2006 South State Street, Chicago, only to be told that his wife was residing at a rooming house located at 4717 Princeton Avenue, Chicago, at which the insured [James D. Richardson] also resided. Scates

went immediately to the Princeton Avenue address and finding his wife there took her with him to his own home. Shortly thereafter the wife eluded her husband and returned to the Princeton Avenue dwelling. Scates pursued her and upon his arrival his knock at the door was answered by the insured. Scates inquired as to the whereabouts of his wife. The insured replied, in effect, that Scates was not wanted there. Thereupon, an altercation ensued between Scates and the insured during which Scates drew a knife, intentionally stabbed the insured, fatally injuring him."

Charles Scates was not in the act of committing burglary or robbery, nor had he committed burglary or robbery, nor was he attempting to commit burglary or robbery at the time he intentionally stabbed and fatally injured the insured. Thus, the fatal injury intentionally inflicted on the insured, by Scates, was not so inflicted during an assault by a burglar or robber within the meaning of section 8 (C) of defendant's personal accident policy.

The question presented is whether, under the agreed facts, an insurance policy which insures against death "resulting . . . from accidental bodily injury" but which excludes from its coverage intentionally inflicted injury, fatal or nonfatal, is ambiguous in its definition of coverage and noncoverage.

In support of her contention that the policy is "not only ambiguous but inequitable and misleading to the insured and beneficiary," plaintiff relies upon decisions in Illinois holding that a beneficiary may recover under an accidental death policy where death of the insured results from the unprovoked but intentional act of another. Albrecht Co., E. J. v. Fidelity & Casualty Co. of New York, 289 Ill. App. 508, and Ziolkowski v. Continental Casualty Co., 365 Ill. 594, are cited as supporting this position. Both these cases enunciate the general doctrine for which plaintiff contends, but are distinguishable on the facts. In the Albrecht decision the

policy under consideration insured against loss for damages on account of bodily injuries or death suffered as the result of an accident occurring while the policy was in force. James Spelina, who was not in plaintiff's employ, while engaged in the act of stealing lumber of the insured, was struck by shots fired from a shotgun by Sporry, plaintiff's superintendent in charge of construction. The question presented was whether Spelina suffered injuries as the result of an accident, and we held that he had. In the Ziolkowski case the court considered an accident insurance policy which insured against "loss of life, limb, limbs, sight or time caused by accidental means—all to the extent herein provided." The insured was intentionally stabbed by another and died from the wounds. The beneficiary sued to recover death benefits. The insurer defended on the ground that the exclusionary clause removed intentionally caused death from the scope of the covered risk. The Supreme Court, upholding the judgment of the Appellate Court, rejected this defense, saying that where an accident policy contains a provision that it does not cover injuries resulting from the intentional act of the insured or of any other person, with certain exceptions, such provision does not preclude recovery for accidental death resulting from a stab-wound inflicted by another, as the word "injury" means any damage or hurt done to or suffered by a person or thing and does not include death. Either of two constructions could be read into the policy, and, as the court stated, "in case there is any ambiguity in the policy, the rule is that all provisions, conditions or exceptions which in any way tend to limit or defeat liability thereunder, should be construed most favorably to the insured." The insurer could have narrowed its liability, as the court pointed out, by writing into its policy, "by clear and unambiguous words, that both injuries and death resulting from unprovoked assaults

by third persons were not to be covered and that this policy was to create no liability therefor. . . ."

We think that the doctrine enunciated in the Ziolkowski case is controlling. Here, the company, having insured against "death, . . . resulting from accidental bodily injury," specifically excludes "injury, fatal or nonfatal," when such injury is intentionally inflicted upon the insured. In the instant case the exclusionary clause is as broad as the insuring clause, and, notwithstanding plaintiff's contention to the contrary, we think "death" and "fatal injuries" are equivalent. In other words, the policy in this proceeding is phrased in the "clear and unambiguous" language which the Supreme Court suggested as a cure for the shortcomings of the policy considered in the Ziolkowski case.

Since in the view we take there can be no recovery under the policy, the question of interest and attorney's fees need not be considered.

For the reasons indicated, the judgment of the municipal court is reversed in toto, and judgment entered here in favor of defendant against plaintiff for costs.

Judgment reversed in toto and judgment here in favor of defendant against plaintiff for costs.

BURKE, P. J. and NIEMEYER, J., concur.